UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS GUTIERREZ | CIVIL ACTION |
| VERSUS | NO. 11-1555 |
| SAFWAY SERVICES, LLC AND TRANSOCEAN OFFSHORE USA, INC. | SECTION "N" (5) |

# ORDER AND REASONS

Before the Court is the "**Motion to Remand**" (Rec. Doc. 7), filed by Plaintiff Carlos Gutierrez ("Plaintiff"). This motion is opposed by Defendants Safway Services, LLC ("Safway") and Transocean Offshore USA, Inc. ("Transocean"). (*See* Rec. Docs. 16 and 17, respectively). After considering the memoranda filed by the parties, including Plaintiff's Reply Memorandum (Rec. Doc. 18) and Safway's Supplemental Memorandum in Response to Plaintiff's Reply Memorandum and in Opposition to Plaintiff's Motion to Remand (Rec. Doc. 24), the Court rules as set forth herein.

**I.    BACKGROUND**

On or about January 6, 2011, Plaintiff was injured while employed by Safway as a

scaffolding builder working aboard the DISCOVERER DEEP SEAS, a drillship owned by Transocean.  On June 13, 2011, Plaintiff filed a Petition for Damages resulting from his injuries in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, claiming Jones Act seaman status.  Plaintiff asserted claims under the Jones Act, General Maritime Law, and the saving to suitors clause.  On July 1, 2011, Transocean filed a Notice of Removal in this Court, which Safway joined on July 6, 2011.  Plaintiff filed a Motion to Remand the case to state court on July 29, 2011.

II.   **ARGUMENTS OF THE PARTIES**

Plaintiff claims that he has properly alleged that he is a seaman under the Jones Act and that, as such, his case is not removable. (*See* Rec. Doc. 7-1, p. 2).  Plaintiff asserts that: (1) he performed the work of the ship aboard the DISCOVERER DEEP SEAS; and (2) his connection to the ship was of sufficient duration and nature to establish his status as a seaman. (*See* Rec. Doc. 7-1, p. 4). Defendants, on the other hand, argue that the Plaintiff's Jones Act claim has been fraudulently pled, and that the Court may exercise removal jurisdiction over Plaintiff's case.  (*See* Rec. Doc. 16, pp. 6-7).  Defendants claim that Plaintiff's claims are covered by the Longshore and Harbor Worker's Compensation Act (LHWCA), as extended by the Outer Continental Shelf Lands Act (OSCLA).  (*See* Rec. Doc. 16, p. 8).  Defendants argue that, at the time of Plaintiff's injuries, the DISCOVERER DEEP SEAS qualified as a OSCLA situs and that Plaintiff was performing land-based work on an offshore rig.  (*See* Rec. Doc. 16, p. 9).  Defendants further claims that because Plaintiff was hired as a scaffolding worker and because Safway planned to place him on land-based projects in the future Plaintiff cannot show a substantial connection to a

vessel or fleet of vessels. (See Rec. Doc. 16, pp. 9-10).

**III.    ANALYSIS**

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

As a general rule, Jones Act cases are not removable and a district court must look at the face of the plaintiff's petition in order to determine whether or not a Jones Act claim has been plead. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). However, when a defendant alleges that a plaintiff has fraudulently pleaded a Jones Act claim in order to evade removal, the "defendant[] may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Id.* The defendant bears a heavy burden of persuasion when alleging fraudulent pleading of a Jones Act claim and must show that "there is no possibility that plaintiff would be able to establish a cause of action." *Id.* (citing *B., Inc, v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). Further, the district court must examine all evidence in the light most favorable to plaintiff and any disputed question of fact should be resolved in the plaintiff's favor. *Id.*

3

The question of whether a Plaintiff is entitled to seaman status under the Jones Act is a mixed question of law and fact and "it is usually inappropriate to take the question from the jury." *Becker v. Tidewater, Inc.*, 335 F.3d 376, 386 (5th Cir. 2003) (*citing Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 554 (1997)).  In order to prove seaman status, a plaintiff must show that he had an "employment related connection to a vessel in navigation." *Chandris Inc. v. Latsis*, 515 U.S. 347, 368 (1995) (*quoting McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 355 (1991)).  The existence of a vessel in navigation is, therefore, a pre-requisite to the establishment of a Jones Act claim.  *See Manuel v. P.A.W. Drilling & Well Service, Inc.*, 135 F.3d 344, 347 (5th Cir. 1998). To establish an "employment related connection" to a vessel, a plaintiff must show that (1) his duties contributed to the function of the vessel or to the accomplishment of its mission; and (2) his connection to the vessel was substantial in duration and nature.  *Id.*

The DISCOVERER DEEP SEAS is a vessel in navigation under the Jones Act.[1]  In *Manuel v. P.A.W. Drilling & Well Service, Inc.*, the United States Court of Appeals for the Fifth Circuit stated that "if the owner constructs or assembles a craft for the purpose of transporting passengers, cargo, or equipment across navigable waters and the craft is engaged in that service, that structure is a vessel."  135 F.3d at 350.  The *Manuel* court made clear that a vessel meeting this definition retains its vessel status even "while moored, dry-docked, or otherwise immobilized and secured to land."  *Id.* at 348 (*quoting Cook v. Belden Concrete Prods.*, 472 F.2d

---

[1] Safway does not explicitly argue that the DISCOVERER DEEP SEAS is not a vessel in navigation, but rather affirmatively asserts that it is an OSCLA situs.  Because the existence of a vessel is a prerequisite for a claim under the Jones Act, however, consideration must be given to the status of the DISCOVERER DEEP SEAS.

999, 1001 (5th Cir. 1973)).  It is undisputed that the DISCOVERER DEEP SEAS was capable of transporting people and equipment across water, and was immobilized during Plaintiff's work merely for repairs.  (*See* Rec. Doc. 16, p. 5).  Further, in its opposition to Plaintiff's motion, Transocean refers to the ship as the M/V DISCOVERER DEEP SEAS, and Safway capitalizes the name "DISCOVERER DEEP SEAS" throughout its opposition and its answer.  Thus, the Court finds the  DISCOVERER DEEP SEAS is a vessel in navigation under the Jones Act.

Here, it is undisputed that Plaintiff worked as a lead carpenter building scaffolding aboard the DISCOVERER DEEP SEAS to facilitate repairs of various equipment on the ship. Defendant submits an affidavit declaring that Plaintiff built scaffolding for "piping, wire pulls for cementing unit job, the mud module areas, the vent dampener, the helideck, and the ROV launch platform."  (Exhibit B to Rec. Doc. 16, p. 2).  Whether or not this work contributed to the function of the DISCOVERER DEEP SEAS as a drilling rig is a question of fact.  Because factual disputes must be resolved in favor of Plaintiff on this motion, the Court is compelled to find that the Plaintiff has established that his work contributed to the function of the vessel or to the accomplishment of its mission. *Lackey*, 990 F.2d at 207.

Regarding Plaintiff's connection to the DISCOVERER DEEP SEAS, it is apparently undisputed that Plaintiff worked exclusively aboard the DISCOVERER DEEP SEAS during the time he was employed by Defendant.[2]  While Defendant does not deny that Plaintiff worked

---

[2]There is a factual dispute regarding the amount of time Plaintiff actually spent working aboard the DISCOVERER DEEP SEAS.  The defendant submits an "Arrival and Departure History Report" and an affidavit reporting that Plaintiff only completed two hitches, totaling twenty days, aboard the DISCOVERER DEEP SEAS.  (Exhibit D to Rec. Doc. 16; Exhibit B to Rec. Doc. 16, p. 3).  Plaintiff claims in an affidavit that he completed four hitches on the ship before his injury and that each hitch lasted between fourteen and twenty days. (Exhibit 1 to Rec. Doc. 20, p. 1).  However, the parties agree that Plaintiff performed all his work for Defendant

exclusively aboard the DISCOVERER DEEP SEAS, it maintains that Plaintiff's connection to the vessel was temporary and transitory. (Rec. Doc. 16, p. 10).

In *Manuel*, the Fifth Circuit held that a laborer was a Jones Act seaman where he had worked exclusively aboard a vessel in navigation for his employer before his injury. 135 F.3d at 352. The court held that the plaintiff did not lose seaman status because his employer planned to transfer him to land-based work at some point in the future. *Id.* Rather, the court found that plaintiff was a seaman because he was assigned to work aboard a vessel in navigation at the time of his injury and for "the entire two months he worked for [Defendant]." *Id.*

The facts of this case are similar to those at issue in Manuel. Here, Plaintiff worked exclusively aboard the DISCOVERER DEEP SEAS for about a month before he was injured. Safway asserts that Plaintiff was engaged in land based work that happened to take place on an offshore location. After the completion of the assignment on the DISCOVERER DEEP SEAS, Safway claims that it planned to assign Plaintiff to a land-based job at a refinery.

In light of *Manuel*, the Court finds that there is at least a question of fact regarding whether Plaintiff's connection to the DISCOVERER DEEP SEAS was of substantial nature and duration. 135 F.3d at 347. On this motion to remand, this factual dispute must be resolved in favor of Plaintiff. *Lackey*, 990 F.2d at 207.

Because there are questions of fact as to whether Plaintiff's work aboard the DISCOVERER DEEP SEAS contributed to the function or mission of the vessel and whether Plaintiff's connection to the vessel was substantial in nature and duration, the Court is compelled to grant Plaintiff's Motion to Remand.

---

aboard the DISCOVERER DEEP SEAS.

IV.     CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Motion to Remand" (Rec. Doc. 7)** is **GRANTED**.

New Orleans, Louisiana, this 22nd day of November 2011.

                                                                   _____
                                                                            **KURT D. ENGELHARDT**
                                                                            **United States District Judge**